NELLIE EHRICH, Plaintiff, *v.* MARIA GERTRUDE EHRICH et al., Defendants.

Supreme Court, Kings County, December, 1923.

**Mortgages — foreclosure — judgment — mortgage subordinated after judgment — sale under judgment subject to first mortgage — purchaser compelled to take title although judgment did not refer to new mortgage.**

After carrying through to judgment a foreclosure action upon property which by conveyances had come into the hands of defendant, plaintiff assigned her interest in the mortgage and judgment to a mortgage company, which entered into a subordination agreement by which a mortgage negotiated by defendant was given preference as a lien over the mortgage which had been reduced to judgment. The terms of sale of the mortgaged premises to satisfy the mortgage which had been assigned by plaintiff contained a clause that the premises were being sold subject to the other mortgage. *Held*, that the title of the premises was in no way affected by the fact that the judgment under which the property was sold did not recite or refer to the first mortgage, and a motion to compel the purchaser to take the title, as sold, will be granted and the referee's report of sale confirmed.

MOTION to compel purchaser at mortgage foreclosure sale to take title and for confirmation of report of referee.

In or about the year 1918–1919 a mortgage which had been successively assigned came into the hands of plaintiff in this action on the property which by conveyances had come into the hands of the defendant. A foreclosure action was thereupon started and carried through to judgment, all in the year 1918–1919. The plaintiff thereafter assigned her interest in the mortgage and judgment to the Westchester Mortgage Company. The defendant negotiated a mortgage on the property described in the complaint and judgment to H. J. Pierce. The Westchester Mortgage Company and H. J. Pierce entered into a subordination agreement, whereby the mortgage of H. J. Pierce was given precedence as a lien over that of the Westchester Mortgage Company which had been reduced to judgment by the foreclosure action. Four years later, in 1923, it became necessary for the plaintiff's assignee to have the premises sold to satisfy its mortgage. The terms of sale contained a clause stating that the premises were being sold subject to the H. J. Pierce mortgage. After the sale the purchaser, Philip

Kanter, rejected the title on the grounds that there was no right in the defendant to make such a mortgage and that the referee had no right to sell the premises, except in accordance with the judgment, and that the variation: " The premises will be sold subject to a $1,300 mortgage," included in the terms of sale, made the title unmarketable.

*Jonathan Holden* (*Alphonse V. Brisson,* of counsel), for plaintiff's assignees.

*Lloyd B. Kanter,* for purchaser.

CALLAGHAN, J.   When the mortgage, which was the subject of the foreclosure action, was subrogated to the mortgage described in the terms of sale the later became the first mortgage and the former the second mortgage on the premises which were foreclosed.   Had this situation existed at the time the action was begun there would have been no necessity for making the holder of the first mortgage a party to the foreclosure action, and the judgment of foreclosure and sale could very properly ignore any reference to the first mortgage.   The purchaser at the sale would have taken any interest which the owner of the equity had subject to the first mortgage.   The same result was reached by the acts of the parties. The purchaser knew from the terms of sale that he was purchasing the premises subject to the mortgage.   The title to the premises was in no way affected by the fact that the judgment did not recite or refer to the first mortgage.   The purchaser can get what he bought.   The general rule that the terms of sale must conform to the judgment does not obtain in this situation.   Motion to compel purchaser to take title is granted and the referee's report is confirmed.

Ordered accordingly.